FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PENNY JEAN SELLERS,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT PRODUCT AUTHORITY, LLC, a Foreign Limited Liability Corporation #604-814-859,<br><br>Defendant. | No. 4:22-CV-05133-ACE<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

**BEFORE THE COURT** is Plaintiff's November 21, 2022, motion to remand this matter to the Superior Court of Benton County, Washington. ECF No. 7. Defendant filed a timely response on December 5, 2022, ECF No. 8, and Plaintiff filed a timely reply brief on December 12, 2022, ECF No. 9. For the reasons discussed below, the Court **GRANTS** the motion to remand but **DENIES** the request for an award of attorney's fees and costs.

## LEGAL STANDARD

A motion to remand requires the Court to inquire whether it has subject matter jurisdiction over a case. *See* 28 U.S.C. §§ 1441, 1447. The two most common forms of jurisdiction are federal question and diversity jurisdiction. *See* 28 U.S.C. §§ 1331-1332. Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000. Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Sanchez v.*

ORDER - 1

*Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992) and quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).  However, where doubt regarding the right to removal exists, a case should be remanded to the state court. *Gaus*, 980 F.2d at 566; *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015) (finding "if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction"); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

## DISCUSSION

### A.  Remand

Under 28 U.S.C. § 1332, diversity jurisdiction exists where no plaintiff and defendant are citizens of the same state and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Plaintiff does not challenge diversity of citizenship; therefore, the only matter at issue is whether Plaintiff's claim exceeds $75,000.  Defendant, as the removing party, has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Sanchez*, 102 F.3d at 404 (observing that the "defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount").

Since, pursuant to Wash. Rev. Code § 4.28.360,[1] the complaint in this case does not set forth an amount of damages, Defendant had to estimate the value of Plaintiff's alleged damages.  ECF No. 8.  Although Defendant agrees the better

---

[1] "In any civil action for personal injuries, the complaint shall not contain a statement of the damages sought but shall contain a prayer for damages as shall be determined."  Wash. Rev. Code § 4.28.360.

ORDER - 2

practice for a removing defendant to carry the burden of jurisdictional amount is to submit an affidavit or other documentary evidence, *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004), Defendant avers the complaint contains sufficient information to support a finding that the amount in controversy is over $75,000.  ECF No. 8 at 4.  Specifically, Defendant cites the "Harm & Loss" asserted in the complaint (severe and lasting bodily injuries; pain suffering, inconvenience, mental anguish, disability or disfigurement incurred by the party, emotion distress, loss of society and companionship, injury to reputation and humiliation; medical bills for treatment; and lost earnings, wages, and/or diminished earning capacity) and asserts a reasonable person would conclude that, based upon these allegations, damages exceed $75,000.  ECF No. 8 at 6-7 citing ECF No. 1-1 at 5-6.

However, Defendant has not provided a specific dollar figure, calculation of the alleged damages, or any factual evidence to demonstrate the value of Plaintiff's case.  While the preponderance standard does not require a defendant to prove a plaintiff's damages, the Court "cannot base [its] jurisdiction on a defendant's speculation and conjecture."  *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds, *Rodriguez*, 728 F.3d at 976-977.  Defendant has failed to set forth any specific factual allegations to support the assertion that the amount in controversy exceeds $75,000.  *See e.g. Jauregui v. Nationstar Mortgage LLC*, 2015 WL 2154148 at *5 (C.D. Cal. 2015) (finding general statements cannot establish that the jurisdictional threshold of $75,000 is met by a preponderance of the evidence).

Instead, Defendant argues the amount in controversy requirement has been deemed satisfied in analogous cases.  ECF No. 8 at 4-7.  "The Court cannot consider awards issued in other actions unless Defendants point to specific commonalities which raise an inference that a similar award is possible in this case."  *Singh v. Glenmark Phargenerics, Inc.*, 2014 WL 4231364 at *4 (D. Nev.

ORDER - 3

2014) citing *Burk v. Med. Sav. Ins. Co.*, 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1201 (N.D. Cal. 1998).  The Court has considered the parties' arguments and finds that the facts of Defendant's cited cases are distinguishable from the facts of the instant case (i.e., how Plaintiff was injured and/or the extent of Plaintiff's injuries).  The Court finds the cases cited by Defendant are not comparable and thus do not demonstrate that the jurisdiction amount in instant matter has been met.

Defendant has failed to meet its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  Consequently, the case will be remanded.

### B. Attorney's Fees

Plaintiff seeks attorney's fees and costs incurred in obtaining remand.  "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  However, costs and fees should only be awarded when the removing party had no "objectively reasonable basis for removal."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (internal quotation omitted); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[W]hen an objectively reasonable basis exists, fees should be denied.").  The Court finds that removal was neither in bad faith nor "objectively unreasonable."  Moreover, Plaintiff has not shown any unusual circumstances that would warrant fees and costs in this matter.  *See* ECF No. 7 at 9.  Consequently, Plaintiff's request for fees and costs incurred to obtain this remand is denied.

### CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Plaintiff's Motion to Remand, **ECF No. 7**, is **GRANTED**.  Plaintiff's request for attorney's fees and costs is **DENIED**.

///

ORDER - 4

1  **IT IS SO ORDERED**.  The District Court Executive shall **REMAND** this
2  case to the Superior Court of Benton County, Washington, and **CLOSE THE**
3  **FILE**.
4  DATED December 13, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5